COLT'S, INC., Plaintiff,

v.

AMALGAMATED LOCAL 376 and United Automobile, Aerospace and Agricultural Implement Workers of America, Defendants.

Civ. No. 13461.

United States District Court,
D. Connecticut.

May 4, 1970.

Jay S. Siegel, Hartford, Conn., for plaintiff.

John A. Arcudi, Bridgeport, Conn., for defendant Amalgamated Local No. 376.

Bertram Diamond, of Baker & Diamond, Stamford, Conn. (Stephen Schlossberg, John A. Fillion and Bernard F. Ashe, Detroit, Mich., on the brief), for defendant United Automobile, Aerospace and Agricultural Implement Workers of America.

TIMBERS, Chief Judge.

In this action brought pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1964), by plaintiff company against defendant unions to recover damages for alleged breach of a collective bargaining agreement arising from work stoppages at plaintiff's plants and facilities at West Hartford, Hartford and Rocky Hill, Connecticut, in October 1969, defendants having moved to dismiss the complaint for failure to state a claim upon which relief can be granted, Rule 12(b)(6), Fed.R.Civ.P., or, in the alternative, for a more definite statement, Rule 12(e), Fed.R.Civ.P.; and

The Court having heard oral argument upon the said motions and having received and considered the motions, briefs from both sides, the amended complaint and all other papers on file; and

The Court being of the opinion that

I. Defendants' motion to dismiss the amended complaint should be denied for the reasons that:

(A) *With respect to Count I*

(1) The complaint alleges work stoppages in violation of the collective bargaining agreement.

(2) Said agreement, while not containing an explicit no-strike clause, does provide that differences and controversies arising under the agreement shall be settled exclusively and finally by compulsory arbitration.

(3) It is settled law that a strike to settle a dispute which a collective bargaining agreement provides shall be settled exclusively and finally by compulsory arbitration constitutes a violation of the agreement. Local 174 Teamsters v. Lucas Flour Co., 369 U.S. 95, 105 (1962).

(4) The allegations that the conduct of union members, officials and agents in participating in the work stoppages gave rise to a violation by the union of the collective bargaining agreement is sufficient as a matter of pleading to state a claim for damages against the union for breach of the agreement. United Textile Workers v. Newberry Mills, Inc., 238 F.Supp. 366, 373 (W. D.S.C.1965); United States v. International Union, U.M.W. of A., 77 F.Supp. 563, 566-67 (D.D.C.1948), aff'd, 177 F.2d 29 (D.C.Cir.), cert. denied, 338 U.S. 871 (1949); see Portland Web Pressmen's Union v. Oregonian Publishing Co., 188 F.Supp. 859, 866 (D. Ore.1960), aff'd, 286 F.2d 4 (9 Cir. 1960).

(5) The allegations of the instant complaint clearly are distinguishable from those cases which indicate that a union is not liable to an employer for violation of an implied no-strike clause by reason of a true wildcat strike not sanctioned or authorized by the union. Lewis v. Benedict Coal Corp., 259 F.2d 346, 351 (6 Cir. 1958), modified on other grounds, 361 U.S. 459 (1960); United Construction Workers v. Haislip Baking Co., 223 F.2d 872, 877-79 (4 Cir. 1955); W. L. Mead, Inc.

v. International Brotherhood of Teamsters, 126 F.Supp. 466, 467, 469–70 (D.Mass.1954), aff'd, 230 F.2d 576 (1 Cir. 1956).

(6) Public policy requires that unions be held responsible for the actions of employees whom they represent; otherwise, a no-strike clause, expressed or implied, would be meaningless, with resulting detriment to the national interest in stabilizing industrial relations. See Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 454 (1957).

(7) The allegations of paragraphs 9 and 10 of the complaint, fairly read in accordance with the standards required for federal pleading, having charged that the work stoppages occurred because of alleged differences and controversies in breach of the collective bargaining agreement, necessarily imply that such differences and controversies were subject to the grievance-arbitration procedure of Articles XIV and XV of the agreement. Rule 8 (a), Fed.R.Civ.P.; Conley v. Gibson, 355 U.S. 41, 47–48 (1957).

(B) *With respect to Count II*

(8) Count II, which incorporates by reference paragraphs 1–11 of Count I and alleges on the basis thereof that defendant unions, their officials and agents are liable for damages by reason of the work stoppages in violation of the collective bargaining agreement, *a fortiori* states a claim upon which relief can be granted, for the reasons set forth in paragraphs 1–7, *supra*.

II. Defendants' motion for a more definite statement should be denied for the reasons that:

(9) The amended complaint is not so vague or ambiguous that defendants cannot reasonably be required to answer it. Rule 12(e), Fed.R.Civ.P.

(10) Details sought by this motion for more definite statement more appropriately may be obtained by discovery procedure. Conley v. Gibson, *supra*, at 48.

it is therefore

ORDERED as follows:

(1) That defendants' motion to dismiss Counts I and II of the amended complaint is denied.

(2) That defendants' motion for a more definite statement is denied.

(3) That defendants shall serve and file their answer to the amended complaint not later than May 14, 1970.